Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Steven Jay Katzman, State Bar No. 132755
skatzman@bienertkatzman.com
Anne A. Uyeda, State Bar No. 235206
auyeda@bienertkatzman.com
**BIENERT | KATZMAN PC**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

Attorneys for Movant
Brendan Flaherty

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEARCH WARRANT EXECUTED IN CASE NO. 8:19-MJ-00437 | Case No. 8:19-cv-02362-JLS-DFM<br><br>**MOVANT BRENDAN FLAHERTY'S APPLICATION FOR LEAVE TO FILE PORTIONS OF MOTION AND SUPPORTING DOCUMENTS UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Anne A. Uyeda; [Proposed] Order Granting Application for Leave to File Under Seal lodged concurrently herewith] |
|---|---|

Pursuant to Local Rule 79-5.2.2, Movant Brendan Flaherty ("Movant"), by and through his counsel, applies to file under seal portions of the Movant's *Motion for Return of Seized Property Pursuant to Fed. R. Crim. P. 41(g)* (the "Motion"), the Declaration of Anne A. Uyeda filed in support of the Motion, certain exhibits to the Declaration of Anne A. Uyeda, the government's *Ex Parte Application to Stay Rule 41 Litigation Pending Related Proceedings in Federal Bankruptcy Court* ("Government's Ex Parte Application"), and the Movant's *Opposition to Government's Ex Parte Application to Stay Rule 41 Litigation Pending Proceedings in Federal Bankruptcy Court* ("Ex Parte Opposition").

This application is opposed by the United States and is based on the attached Memorandum of Points and Authorities and concurrently-filed Declaration of Anne A. Uyeda in support of this Application ("Uyeda Decl.").

Dated:  December 9, 2019

BIENERT | KATZMAN PC

By: *[signature]*
Thomas H. Bienert, Jr.
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Movant Brendan Flaherty

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court is fully empowered to seal documents under the appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); Central District Local Rule 79-5.2. !!!

Here, the Movant has concurrently submitted the following documents:

- The Declaration of Anne A. Uyeda in support of this Application ("Uyeda App. Decl.");
- A redacted version of the Motion;
- A redacted version of the Declaration of Anne A. Uyeda filed in support of the Motion ("Uyeda Declaration");
- Redacted versions of Exhibits B-D to the Uyeda Declaration;
- A redacted version of the Government's Ex Parte Application;
- A redacted version of the Ex Parte Opposition;
- An unredacted version of the Motion, highlighting the portions of the Motion that have been omitted from the redacted version;
- An unredacted version of the Uyeda Declaration, highlighting the portions of the declaration that have been omitted from the redacted version;
- Unredacted versions of Exhibits B-D to the Uyeda Declaration;
- An unredacted version of the Government's Ex Parte Application, highlighting the portions of this pleading that have been omitted from the redacted version;
- An unredacted version of the Ex Parte Opposition, highlighting the portions of this pleading that have been omitted from the redacted version;
- A Proposed Order narrowly tailed to seal only the sealable material and listing in table form each document or portion thereof to be filed under seal.

The Movant requests that the Court seal the above-referenced portions of the Motion and supporting documents for multiple reasons. First, certain portions of the Motion, the Uyeda Declaration, Exhibits B-D to the Uyeda Declaration., the Government's Ex Parte Application, and the Ex Parte Opposition reference, discuss, constitute, or describe

information relating to the government's ongoing investigation and sealed materials relevant to that investigation, including without limitation an under-seal search warrant and items seized pursuant to that under-seal search warrant.  *See* Uyeda App. Decl. ¶ 4.  These materials should be filed under seal to protect the confidential nature of the government's investigation.  *See id.; Mann*, 829 F.2d at 853; *see also United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1193 (9th Cir. 2011) (warrant materials during a pending criminal investigation are not subject to the common law right to public access since they have traditionally been kept secret for important policy reasons).

　　　　Second, pages 4-5 of the Motion, Paragraph 14 of the Uyeda Declaration, and portions of Exhibit C to the Uyeda Declaration (*i.e.* portions of pages 1 and 2, and pages 3-18 of that exhibit) contain reference, or discuss sensitive, private financial information relating to the Movant that is not of legitimate interest to the public, including without limitation information relating to the Movant's retirement accounts.  *See* Uyeda App. Decl. ¶ 5.  As such, sealing of these materials is appropriate at this stage of the proceedings.  *See id.; Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1019 n.7 (N.D. Cal. 2018) (granting motion to seal portions of exhibit containing "highly sensitive, private records and correspondence, names of individuals unrelated to this action, or personally identifying and financial information.")

　　　　Lastly, the Movant is not charged with any crime, but it appears that he may be under investigation by the government.  *See* Uyeda App. Decl. ¶ 6.  Thus, in order to protect him from adverse public exposure, it is appropriate that the Court order that the afore-mentioned portions of documents be filed under seal.  *See id.; Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")

On November 9, 2019, counsel for the Movant conferred with counsel for the government regarding whether it opposed the sealing of the above-referenced documents because, among other things, they refer to items seized pursuant to the under-seal search warrant that have not been publicly disclosed and information relating to Mr. Flaherty's retirement accounts.  See Uyeda App. Decl. ¶ 7.  Mr. Tenley asserted that the government's position is that nothing within the Government's Ex Parte Application requires sealing, the ongoing investigation is not sealed and Mr. Flaherty "has been informed of it," and while "certain aspects may be secret, such as activities occurring before the grand jury and the search warrant application, the facts disclosed in the [Government's Ex Parte Application] are not secret."  See id.

For the reasons set forth above, the Movant respectfully requests that the Court grant this Application and order that the afore-mentioned portions of documents and exhibits be sealed.  A proposed order granting the requested relief has been concurrently lodged.

Dated:  December 9, 2019

BIENERT | KATZMAN PC

By: /s/ Anne A. Uyeda
Thomas H. Bienert, Jr.
Steven Jay Katzman
Anne A. Uyeda
Attorneys for Movant Brendan Flaherty