Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Steven Jay Katzman, State Bar No. 132755
skatzman@bienertkatzman.com
Anne A. Uyeda, State Bar No. 235206
auyeda@bienertkatzman.com
**BIENERT | KATZMAN PC**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

Attorneys for Movant
Brendan Flaherty

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH WARRANT EXECUTED IN CASE NO. 8:19-MJ-00437 | Case No. 8:19-MJ-00437 |
| | **NOTICE OF MOTION AND MOTION FOR RETURN OF SEIZED PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g); MEMORANDUM OF POINTS AND AUTHORITIES** |
| | [Filed concurrently with Declarations of Anne A. Uyeda, Matthew A. Lesnick, and Devin Flaherty] |
| | Date: TBD<br>Time: TBD<br>Place: TBD<br>Judge: TBD |

1  **TO THIS HONORABLE COURT AND THE UNITED STATES OF AMERICA,**
2  **THROUGH ITS ATTORNEY:**

3     **PLEASE TAKE NOTICE** that, on a date and time to be determined, in the
4  courtroom of a judge to be determined, of the United States Courthouse located at 411 West
5  Fourth Street, Santa Ana, California, 92701, Movant Brendan Flaherty ("Movant"), by and
6  through his counsel, will, and hereby does, move the Court for an order returning certain
7  items seized from his home located in Laguna Hills, California, during the execution of a
8  search warrant.

9     As detailed in the attached Memorandum of Points and Authorities, the seized items
10  are the Movant's personal property, he will suffer irreparable harm if the items are not
11  returned, and this Motion is the Movant's only available remedy because no civil forfeiture
12  proceedings have been filed and no criminal action has been filed.  For these reasons, the
13  Movant respectfully requests that the Court order the government to immediately release
14  and return the Seized Items to the Movant.  In the alternative, the Movant requests that the
15  Court order the government to return any Seized Items as to which the ownership is not in
16  bona fide dispute and that are not necessary for its investigation and provide copies of the
17  information on any of the Computers (as that term is defined below) as to which the
18  ownership is in dispute to the Movant.

19     This Motion is based on the Sixth Amendment of the United States Constitution, the
20  Court's equitable jurisdiction, Rule 41(g) of the Federal Rules of Criminal Procedure, all
21  other relevant statutes and administrative rules and regulations, the attached Memorandum
22  of Points and Authorities, the Declarations of Anne A. Uyeda, Matthew A. Lesnick, and
23  Devin Flaherty, all exhibits attached to the Declarations and submitted in support of the
24  Motion, all further pleadings that will be filed by the Movant, and such further evidence
25  and argument as the Court may permit or require at or prior to the time of the hearing on
26  this Motion.

27
28

1

Dated:  November 18, 2019                    BIENERT | KATZMAN PC

2

3

4    By: _____

5         Thomas H. Bienert, Jr.
         Steven Jay Katzman
6         Anne A. Uyeda
         Attorneys for Movant Brendan Flaherty

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Table of Contents**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND FACTS ..................................................................................... 3

    A.      In June 2019, the Government Seizes Several of the Movant's
    Electronic Devices and ████ Pursuant to a Search Warrant. ........................ 3

    B.      The Movant's Ownership of the Seized Items. ................................................ 4

        1.      The Black Computer Tower .................................................................. 4

        2.      The ████ . ............................................................................................. 4

    C.      Counsel for the Movant has Requested the Return of Seized Items
    and/or Copies of Seized Items, but the Government has Refused
    this Request. ..................................................................................................... 5

    D.      The Movant Needs the Seized Items Returned to Him. ................................... 6

    E.      The Debtors' Attempt to Obtain the Seized Items From the
    Government Through an Improper Subpoena. ................................................. 8

III.    ARGUMENT ........................................................................................................ 9

    A.      This Court Has Equitable Jurisdiction Under Fed. R. Crim. P. 41(g)
    to Order the Return of the Seized Items and is the Proper Venue for
    this Action. ....................................................................................................... 9

        1.      The First and Second Factors are Met Here Because the
        Movant has an Individual Interest in and Need for the Seized
        Items, and will Suffer Irreparable Harm if they are not
        Returned. ............................................................................................ 10

        2.      The Third Factor Has Been Met Because the Movant
        Presently Possesses no Adequate Remedy at Law. ........................... 11

        3.      The Fourth Factor is Established by the Government's
        Disregard of the Movant's Constitutional Rights. ............................. 12

    B.      The Totality of the Circumstances Weigh in Favor of the Court
    Ordering the Government to Return the Seized Items. ................................... 13

IV.     CONCLUSION .................................................................................................... 14

TABLES OF CONTENTS & AUTHORITIES

## <u>Table of Authorities</u>

<u>Cases</u>

*In re Grand Jury Subpoena Duces Tecum Issued to Roe & Roe, Inc.*,
  49 F. Supp. 2d 451 (D. Md. 1999)................................................................. 13

*In re Prop. Seized from 1015 E. Cliff Drive, Santa Cruz CA 95062 on May 14, 2008*,
  No. 13-MC-80172-JST, 2013 WL 5568300 n.1 (N.D. Cal. Oct. 9, 2013)..................... 12

*In re Seizure of $958,921 Worth of LED Televisions & $14 Worth of Energy Star Stickers*,
  No. CV 13-2782 GAF AJWX, 2013 WL 3490743 (C.D. Cal. May 30, 2013)............... 9

*Luis v. United States*,
  136 S. Ct. 1083 (2016)........................................................................... 11, 12

*Meredith v. Erath*,
  Case No. 99CV13100, 2001 WL 1729626 (C.D. Cal. Sept. 19, 2001)................... 10, 11

*Nottoli v. United States*,
  No. 1:13-MC-0049-BAM, 2013 WL 5423586 (E.D. Cal. Sept. 26, 2013)..................... 9

*Omidi v. United States*,
  851 F.3d 859 (9th Cir. 2017) ..................................................................... 12

*Ramsden v. United States*,
  2 F.3d 322 (9th Cir. 1993) ................................................................ 9, 10, 13

*Richey v. Smith*,
  515 F.2d 1239 (5th Cir. 1975) ..................................................................... 10

*United States ex rel. Touhy v. Ragen*,
  340 U.S. 462 (1951)................................................................................... 8

*United States v. Clagett*,
  3 F.3d 1355 (9th Cir. 1993) ........................................................................ 11

*United States v. Gladding*,
  775 F.3d 1149 (9th Cir. 2014) ..................................................................... 14

*United States v. Harvey*,
  78 F. App'x 13 (9th Cir. 2003)...................................................................... 13

*United States v. Ibrahim,*
    522 F.3d 1003 (9th Cir. 2008) ............................................................. 9

*United States v. Martinson,*
    809 F.2d 1364 (9th Cir. 1987) ............................................................. 9

*United States v. Ortega,*
    450 F. Supp. 211 (S.D.N.Y. 1978) ..................................................... 13

<u>Rules</u>

Fed. R. Crim. P. 41(g) ......................................................................... 1, 9

<u>Regulations</u>

28 C.F.R. § 16.22(d) ................................................................................ 8

28 C.F.R. §§ 16.21-16.29 ....................................................................... 8

TABLES OF CONTENTS & AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In early June 2019, federal agents executed a search warrant ("Warrant") on the Movant's home.  During their search of the home, the government seized multiple items, including without limitation several computers and other electronic devices (together, the "Computers"), and ███████████ (the ███ and, together with the Computers, the "Seized Items").

Through this Motion, the Movant seeks the return of the Seized Items pursuant to Federal Rule of Criminal Procedure 41(g).  As set forth below, the Court has equitable jurisdiction to entertain this Motion and order the release of the Seized Items.  The Seized Items are the Movant's personal property; specifically, the Movant's son and his friend built one of the Computers and the ████ were purchased through the Movant's Individual Retirement Accounts ("IRAs") using funds that pre-date the formation of certain entities identified in the Warrant.  Moreover, the Movant will suffer irreparable harm if the Seized Items are not returned to him.  The Computers contain the Movant's relevant personal information, including without limitation financial records and documents, that are necessary for the Movant to protect his rights and interests in several related chapter 11 bankruptcy cases currently pending in Texas and an action pending in Florida.  The Movant and his bankruptcy counsel need access to the Computers in order to assert claims and protect the Movant's interests in these other proceedings.

Moreover, the Movant needs the ████ because he has to consider liquidating and selling his assets in order to fund the litigation of his interests in the bankruptcy cases, on-going civil litigation pending in Florida in which the Movant is the defendant, and the government's ongoing investigation against the Movant.  The ████ would be used to fund his defenses both criminally and civilly.  Thus, the government's continued retention of the ████ violates his Sixth Amendment right to counsel of his choice.  Also, this Motion is the Movant's only available remedy as no civil forfeiture proceedings nor criminal action have been filed.  Lastly, the government's continuing unjustified retention of the Seized Items

constitutes a disregard of the Movant's constitutional rights.

Thus, the totality of the circumstances weigh in favor of returning the Seized Items to the Movant. The government's continued retention of the Seized Items is unreasonable since, at the very least, it could and should return those Seized Items as to which ownership is not in dispute and that are not necessary for its investigation. At most, the government should be permitted to retain any items it can show that ownership is in bona fide dispute. To the extent the ownership of any of the Computers is in bona fide dispute, the government should provide the Movant with copies of the information on such Computers.

The debtors in the afore-mentioned bankruptcy cases have served a subpoena on the government demanding that the government turn over copies of certain of the Computers pursuant to Federal Rule of Bankruptcy Procedure 2004. The government's compliance with the subpoena would transform the seizure process into an inappropriate discovery tool for civil litigants and permit the debtors to obtain privileged and private information from the Movant that they would otherwise not be entitled to receive. Instead, the proper process should be that the Seized Items are returned to the Movant (not the debtors or the Chief Restructuring Officer employed by the debtors, who have not demonstrated any possessory or ownership interest in the Seized Items), and the Movant and the debtors can then appropriately address the issues through ordinary civil discovery under the Federal Rule of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

For all of the foregoing reasons, the Movant respectfully requests that the Court order the government to immediately release and return the Seized Items to the Movant. In the alternative, the Movant requests that the Court order the government to return any Seized Items as to which the ownership is not in bona fide dispute and that are not necessary for its investigation and provide copies of the information on any of the Computers as to which the ownership is in dispute to the Movant.

## II.  BACKGROUND FACTS

### A.  In June 2019, the Government Seizes Several of the Movant's Electronic Devices and Coins Pursuant to a Search Warrant.

On or about June 4, 2019, the government executed the Warrant and searched the Movant's home, located in Laguna Hills, California. *See* concurrently-filed Declaration of Anne A. Uyeda ("Uyeda Decl.") at ¶ 5, Exh. B. The Warrant is presently under seal. *See id.* Among other things, the Warrant sought evidence relating to various entities collectively known as the Warrior Enterprises, including without limitation entities relating to "Warrior Acquisitions." *See id.* at Attachment B. Warrior Acquisitions was formed in August 2007. *See* Uyeda Decl., Exh. A.

Pursuant to the Warrant, government agents seized various Computers, including without limitation:



(b) two (2) SanDisk USB 32 GB;

(c) a black USB with a label stating "Russell Thiessen";

(e) a "Black Computer Tower" with USB Roboform2Go and USB hard drive WD Elements;

(f) an Acer computer tower;

*See* Uyeda Decl. at ¶ 6.

In addition, the government seized from the Movant's home pursuant to the Warrant. *See id.* at ¶ 7.

**B.      The Movant's Ownership of the Seized Items.**

As discussed below, the Seized Items such as the Black Computer Tower and the ▮▮▮ are the Movant's personal property.  They were acquired prior to the date that Warrior Acquisitions was even founded.

**1.      The Black Computer Tower.**

The Black Computer Tower is the Movant's personal property, built by his son several years ago.  In approximately 2013-2014, the Movant's son and his friend purchased several computer parts – including without limitation an Intel Quad Core i7 processor, a 1000-watt power supply, a radeon graphics card, multiple fans, a liquid cooler, and a Phantom computer case – from www.newegg.com and from Fry's Electronics Store.  *See* concurrently-filed Declaration of Devin Flaherty at ¶ 5.  Using these parts, the Movant's son and his friend built the Black Computer Tower and the Movant's son thereafter gave it to the Movant.  *See id.*  It is this same Black Computer Tower that was seized by the government during the execution of the Warrant.  *See id.* at ¶¶ 4-5.

**2.      The ▮▮▮**

The Coins are also the Movant's personal property.  As the Movant's counsel explained to the government in a letter dated October 31, 2019, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ *See* Uyeda Decl., Exh. C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.*; *see also* Uyeda Decl. at ¶ 14.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



The ▮▮▮▮▮▮

▮▮▮▮▮▮ constitute the ▮▮▮ that were seized from the Movant's home.

### C. Counsel for the Movant has Requested the Return of Seized Items and/or Copies of Seized Items, but the Government has Refused this Request.

On October 22, 2019, counsel for the Movant and AUSA Scott Tenley had a call in which they discussed various issues relating to the ownership of the Seized Items. Uyeda Decl. at ¶ 8. AUSA Tenley is supervising the government's ongoing investigation and the Warrant. *See id.* During the call, the Movant's counsel requested that the government provide the exact locations in the Movant's home from which the Computers were seized, to assist the Movant's counsel in identifying information regarding the ownership of the Computers and other seized items. *See id.*

Following this call, on October 31, 2019, the Movant's counsel sent a letter to Mr. Tenley reiterating this request, requesting the return of the Computers as soon as possible, or, at the very least, the provision of cloned copies of the Computers, and providing additional facts and documentation regarding the Movant's ownership of the ▮▮▮ (the "October 31st Letter"). *See id.* at ¶ 9, Exh. C. Also on October 31, 2019, Mr. Tenley responded to the October 31st Letter in an email in which he asserted that the government's investigation is ongoing, "there is information that places in dispute" the Movant's

1   ownership and/or rightful possession of at least some of the Computers, and therefore he

2   could not "provide the [Computers] or forensic copies at this time until those matters are

3   sorted out." *See* Uyeda Decl. at ¶ 10, Exh. D.

4        On November 1, 2019, counsel for the Movant responded to Mr. Tenley's email:

5   (a) asking him to provide further clarification as to why he cannot provide them with access

6   to the Computers or, at the very least, why there is a problem with providing us with copies

7   of the same; (b) noting that it was unclear what information he was referring to that placed

8   the Movant's ownership of the Seized Items in dispute and that counsel was happy to look

9   into any issues Mr. Tenley contends exist with the return or copying of the items; (c) asking

10  him to confirm that he will be returning the ████ since, as reflected in the documentation

11  provided, they are clearly the Movant's personal property.  *See id.*

12       As of the filing of this Motion, Mr. Tenley has not responded to this November 1,

13  2019 email, provided any information that allegedly places the Movant's ownership of the

14  Seized Items in dispute, or provided the Movant's counsel with the locations in the

15  Movant's home from which the Computers were seized.  *See id.* at ¶ 11.

16      **D.**    **The Movant Needs the Seized Items Returned to Him.**

17       On March 4, 2019, April 4, 2019, and May 30, 2019, multiple debtors ("Debtors")

18  filed petitions for relief under Chapter 11 of Title 11 of the United States Code in the United

19  States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy

20  Court").  *See* concurrently-filed Declaration of Matthew A. Lesnick ("Lesnick Decl.") at ¶

21  5.  The bankruptcy cases are being jointly administered under case number 19-50026 (DRJ)

22  (collectively, the "Bankruptcy Cases").  *See id.* at ¶¶ 1, 4.  The Movant is a creditor and an

23  equity holder of several of the Debtors in the Bankruptcy Cases.  *Id.* at ¶ 5.

24       On August 30, 2019, the Movant's bankruptcy counsel filed approximately 10 proofs

25  of claim in the Bankruptcy Cases on behalf of the Movant (the "Claims").  *Id.*  The Claims

26  were filed on that date because of the impending claims bar deadline in the Bankruptcy

27  Cases.  *Id.*  If the Movant had not timely filed the Claims, his numerous claims against the

28  Debtors might have been disallowed.  *Id.*  However, the Claims were not nearly as specific,

detailed and inclusive as the Movant would like.  *Id.*  They were filed as "placeholder" claims to put the Debtors, creditors and other parties in interest on notice of the general nature and estimated amounts of the Movant's claims against the Debtors in the Bankruptcy Cases.  *Id.*  As suggested in the Claims themselves, the Movant intends to amend and/or supplement the Claims once he receives his financial records back from the Government and the Debtors.  *Id.*  If the Debtors or any other party in interest objects to the Movant's Claims, it will be very difficult for him to adequately defend his rights without the information contained on the Computers.  *Id.*

Also, on or about July 24, 2019, an individual named Cecil Mellinger filed a complaint against the Movant in the Twelfth Judicial Circuit Court in and for Manatee County, Florida, captioned *Cecil Mellinger v. Brendan Flaherty* [Case No. 2019-CA-3385] (the "Mellinger Action").  *Id.* at ¶ 6.  On October 16, 2019, the Movant removed the Mellinger Action to the United States District Court for the Middle District of Florida, where it is currently pending as Case No. 8:19-cv-02555.  *Id.*

In order to assert and defend claims and protect the Movant's interests in the Bankruptcy Cases and in the Mellinger Action, the Movant and his bankruptcy and civil litigation counsel need access to the Computers because they contain relevant personal information, including without limitation financial records and documents, that are needed in order to adequately prosecute and defend the Movant's rights and interests in the Bankruptcy Cases and the Mellinger Action.  *Id.* at ¶ 7.

Moreover, given the ongoing litigation in the Bankruptcy Cases and the Mellinger Action, as well as the government's investigation of the Movant, the Movant needs the ▮▮▮▮ as he may be required to sell them in order to fund his litigation and defense in these various matters.  Uyeda Decl. ¶ 12.

As of the filing of this Motion, the government has not instituted any forfeiture or criminal proceedings with respect to the Seized Items and has not filed a criminal complaint or indictment against the Movant.  *Id.* ¶ 13.

### E.     The Debtors' Attempt to Obtain the Seized Items From the Government Through an Improper Subpoena.

On October 28, 2019, counsel for the Debtors served a subpoena on the government pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, demanding the production of forensic duplicates of all of the data and images on or within some of the Seized Items, specifically: (a) one (1) SanDisk USB 32 GB; (b) the black USB with a label stating "Russell Thiessen"; (c) the "Black Computer tower" with USB Roboform2Go and USB hard drive WD Elements; and (d) the Acer computer tower.  Lesnick Decl., ¶ 8; Exh. E.  Pursuant to a stipulation with the Debtors, the Movant's bankruptcy counsel will be filing a motion in the Bankruptcy Court to quash or modify the subpoena and/or for a protective order on or prior to November 19, 2019.  *See id.* at ¶ 9.

Among other things, the subpoena does not appear to have complied with the Department of Justice's regulations named after *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (the "Touhy Regulations"), 28 C.F.R. §§ 16.21-16.29, including without limitation the requirement that the party requesting the disclosure of material contained in the files of the Department provide a written summary of the information sought and its relevance to the proceeding to the responsible U.S. Attorney.  *See id.*, Exh. E; 28 C.F.R. § 16.22(d); the Justice Manual, § 1-6.220.  Moreover, the subpoena appears to be an attempt by the Debtors and/or the Chief Restructuring Officer ("CRO") employed by the Debtors to obtain information from the Movant that would necessarily include irrelevant, personal, and privileged information.  *See* Lesnick Decl., Exh. E.

The government has agreed not to produce any information to the Debtors in response to the subpoena until the Bankruptcy Court has ruled on the motion to quash.  *See* Lesnick Decl., ¶ 9.  The Debtors have agreed with this timing and approach.  *Id.*

## III.   ARGUMENT

### A.   This Court Has Equitable Jurisdiction Under Fed. R. Crim. P. 41(g) to Order the Return of the Seized Items and is the Proper Venue for this Action.

Following a governmental seizure of property, Federal Rule of Criminal Procedure 41(g) is the appropriate method through which a party may recover the seized property if no civil forfeiture or criminal proceeding has been initiated. *See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized"[1]).

Where there is no pending criminal proceeding, a Rule 41(g) motion should be "treated as a civil complaint governed by the Federal Rules of Civil Procedure."[2] *See United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure"); *see also Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993), citing *United States v. Martinson,* 809 F.2d 1364, 1366–67 (9th Cir. 1987) ("district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant.")

In order to determine whether the Court should exercise equitable jurisdiction over a pre-indictment Rule 41(g) motion, it must consider four factors: (1) whether the movant has

---

[1] It is undisputed that the Central District of California is the proper venue for this Motion because the Seized Items were taken from the Movant's home, which is located in Laguna Hills, California.  *See* Uyeda Decl. ¶ 5, Exh. B.

[2] It is unclear what procedures the Movant must follow regarding filing and service of the Motion.  *See, e.g.*, *Nottoli v. United States*, No. 1:13-MC-0049-BAM, 2013 WL 5423586, at *1-3 (E.D. Cal. Sept. 26, 2013); *In re Seizure of $958,921 Worth of LED Televisions & $14 Worth of Energy Star Stickers*, No. CV 13-2782 GAF AJWX, 2013 WL 3490743, at *1-2 (C.D. Cal. May 30, 2013).  Out of an abundance of caution, the Movant will file and serve the Motion in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

9

MEMORANDUM OF POINTS & AUTHORITIES

an individual interest in and need for the property he or she wants returned; (2) whether the movant would be irreparably injured by denying return of the property; (3) whether the movant has an adequate remedy at law for the redress of his or her grievance; and (4) whether the Government displayed a callous disregard for the constitutional rights of the movant. *Ramsden*, 2 F.3d at 324, citing *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975). If the "balance of equities tilts in favor of reaching the merits" of a Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. *Ramsden*, 2 F.3d at 326.

The movant does not need to satisfy all four factors, and no single factor is dispositive. *See, e.g., Ramsden*, 2 F.3d at 326 (in absence of irreparable injury, where the other factors favor the exercise of equitable jurisdiction, the court has the power to hear a Rule 41(g) motion); *Meredith v. Erath*, Case No. 99CV13100, 2001 WL 1729626, *4-5 (C.D. Cal. Sept. 19, 2001) (noting that the factors "appear to be roughly equal" since plaintiff had no adequate remedy at law and had an interest in the seized documents, but had not shown callous disregard of her rights by the government nor irreparable harm in the absence of the return of the documents, the Court nevertheless granted the plaintiff's Rule 41 motion and ordered the documents to be returned to her, noting that the government could retain a copy of the documents).

If "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. *Ramsden,* 2 F.3d at 326. In this case, the facts justify the Court considering this preindictment 41(g) motion.

### 1.    The First and Second Factors are Met Here Because the Movant has an Individual Interest in and Need for the Seized Items, and will Suffer Irreparable Harm if they are not Returned.

As set forth above, the Movant has established that he has an interest in and the need for the Seized Items. *See* Section II.B and D, *supra*. Moreover, the Movant has established his need for the Seized Items and that he will suffer irreparable harm if they are not returned

MEMORANDUM OF POINTS & AUTHORITIES

to him.  He needs the Computers in order to adequately prosecute and defend his claims in the Bankruptcy Cases and the Mellinger Action.  *See* Lesnick Decl. ¶¶ 5-7.  If they are not returned, he will not be able to adequately protect his rights and interests in the Bankruptcy Cases and the Mellinger Action.  *See id.*

In addition, the Movant needs the ▮▮▮ because he has to consider liquidating and selling his assets, including the ▮▮▮ in order to fund a defense of his rights in the Bankruptcy Cases, the Mellinger Action, and the government's investigation.  *See* Section II.D, *supra*.  As noted above, the Movant would use the ▮▮▮ to fund his defenses in the pending Bankruptcy Cases, the Mellinger Action, these proceedings, and in any future criminal proceedings.  Accordingly, the Movant will suffer irreparable harm if the government does not return the ▮▮▮ because it is depriving him of his ability to fund his defenses in violation of his rights under the Sixth Amendment.  *See, e.g.*, *Luis v. United States*, 136 S. Ct. 1083, 1087-96 (2016) (the government's pretrial restraint of the defendant's assets not traceable to criminal conduct violated the defendant's right under the Sixth Amendment to counsel of her choice).

### 2.  The Third Factor Has Been Met Because the Movant Presently Possesses no Adequate Remedy at Law.

This Motion is the Movant's only available remedy because no civil forfeiture proceedings have been filed, nor has a criminal action been filed.  *See* Uyeda Decl. ¶ 13; *see also Meredith*, 2001 WL 1729626, at *4 ("Plaintiff does not appear to have an adequate remedy at law unless and until she is indicted, when she will be able to challenge the admissibility of the documents"). !!!

If the government never makes any of these remedies "meaningfully available," the fact that they might one day be invoked "cannot be considered an adequate remedy at law." *United States v. Clagett*, 3 F.3d 1355, 1356 n.1 (9th Cir. 1993).  Moreover, the government's failure to initiate a substantive forfeiture action over the past several months indicates that no adequate remedy at law exists.

### 3.     The Fourth Factor is Established by the Government's Disregard of the Movant's Constitutional Rights.

The government's continuing unjustified retention of the Seized Items constitutes a disregard of his constitutional rights.  *In re Prop. Seized from 1015 E. Cliff Drive, Santa Cruz CA 95062 on May 14, 2008*, No. 13-MC-80172-JST, 2013 WL 5568300, at *2 n.1 (N.D. Cal. Oct. 9, 2013).  First, as noted above, the government's retention violates his Sixth Amendment right to fund his defenses using counsel of his choice.  *See Luis*, 136 S. Ct. at 1087-96.

Second, the Black Computer Tower and the ▇▇▇ do not have any connection to the Warrior entities.  *See, e.g., Omidi v. United States*, 851 F.3d 859, 863 (9th Cir. 2017).  Third, the government's lengthy delay in initiating judicial forfeiture proceedings violates the Movant's due process rights.  *See id.*

Finally, to the extent that the government intends to comply with the improper subpoena served by the Debtors, that would be would be tantamount to a misuse of the government's seizure powers as it would be turning over information to third parties with no established possessory interests in the Computers without regard to the Movant's rights of privacy and privilege while, at the same time, withholding the same information from the party with the ownership interests.  Compliance with the subpoena would, therefore, constitute the government's disregard of many of the Movant's constitutional rights.

By subpoenaing the Movant's information from the Government instead of from the Movant, the Debtors are attempting to do an end-run around the ordinary discovery procedures.  And, in the process, they are subjecting the Movant to the risk that the Government will disclose the Movant's privileged and confidential information, including, without limitation, information protected by the attorney-client privilege, the California tax-payer privilege, and the Movant's right to privacy.  The appropriate process for discovery is for the government to return the Seized Items to the Movant and for the Debtors to subpoena the information it seeks from the Movant.  The Movant would then work with the Debtors and/or the CRO to provide them with responsive and non-privileged documents

and information in the Bankruptcy Cases.  Thus, the Court should order the return of the Computers to the Movant, not the Debtors who have failed to establish any possessory interest in these items.

**B.      The Totality of the Circumstances Weigh in Favor of the Court Ordering the Government to Return the Seized Items.**

The *Ramsden* court recognized that Rule 41(g) does not set forth a precise test for determining whether the seized property should be returned to a movant.  *Ramsden*, 2 F.3d at 326.   Nonetheless, the advisory notes explain that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." Advisory Committee Notes to the 1989 Amendment of Rule 41(g).  The notes state further that, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.  But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." *Id.*

Here, while the Movant recognizes the government is in the midst of an ongoing investigation, the continued retention of the Seized Items is unreasonable for all of the reasons discussed above.  There is no reason for the government to retain the ███ as they would in no way aid the government's investigation.  The government may photograph the ███ and use the resulting pictures if it needs evidence of the ███ for any future proceedings.  *See United States v. Harvey*, 78 F. App'x 13, 15 (9th Cir. 2003) (holding that, in the context of a Rule 41(g) motion, the government failed to demonstrate a continuing interest to retain seized property where its basis for possessing it could be readily satisfied by other means, such as through photocopies or photographs); *In re Grand Jury Subpoena Duces Tecum Issued to Roe & Roe, Inc.*, 49 F. Supp. 2d 451, 454 (D. Md. 1999) (granting motion for return of property where the government had obtained "everything that it truly needs for evidentiary purposes" and could "photograph" or "otherwise preserve the evidentiary value of the products (and the labels or packaging materials in which it was shipped)"); *United States v. Ortega*, 450 F. Supp. 211, 211-12 (S.D.N.Y. 1978) (granting

motion for return of money seized by defendant where, among other things, the government could "photograph the money and use the resulting pictures should any future prosecution so require.")

Moreover, continued retention of the Computers is not reasonable, especially since the government could and should return those Seized Items that are not in dispute and that are not necessary for its investigation, retain the items that are in the dispute, and provide copies of those Seized Items that are in dispute to the Movant. *See, e.g.*, *United States v. Gladding*, 775 F.3d 1149, 1153-54 (9th Cir. 2014) (recognizing that the "spirit" of Rule 41(g) "is one of compromise" and "reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners"). The government will not be prejudiced because it can retain copies of all of the information stored on the Computers.

If nothing else, the Court should order that the Seized Items should be returned to the Movant and not to any third party such as the Debtors. It would not be reasonable to turn over the Movant's Seized Items to third parties that have not proven any ownership interest in them.

## IV.   CONCLUSION

For the reasons set forth above, the Movant respectfully requests that the Court issue an order: (1) directing the government to immediately release and return the Seized Items to the Movant pursuant to Federal Rule of Criminal Procedure 41(g) or, in the alternative, return those Seized Items that are not in dispute and not necessary for its investigation and provide the Movant and his counsel with copies of the Seized Items that are in dispute; and (2) granting any other relief that this Court deems just and proper.

1    Dated:  November 18, 2019                    BIENERT | KATZMAN PC

2

3

4                                        By: _____
                                             Thomas H. Bienert, Jr.
5                                            Steven Jay Katzman
                                             Anne A. Uyeda
6                                            Attorneys for Movant Brendan Flaherty

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES